**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY A. NELSON,**

                       **Plaintiff,**                             **9:12-CV-0422**

    v.

**BRUCE PLUMLEY, *et al.*,**

                       **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I.    INTRODUCTION**

This pro se action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). In his January 24, 2013 Report-Recommendation and Order, Magistrate Judge Peebles:

> RECOMMENDED that defendants' motion to dismiss (Dkt. No. 25) be GRANTED, in part, and that plaintiff's damage claims against all of defendants in their official capacities, his claims for deliberate medical indifference against defendants Berggern, Galani, and Wright and all claims against defendant Waldron, be dismissed, with leave to replead, except as to his cause of action for damages against all defendants in their official capacities; and it is further hereby
>
> RECOMMENDED that defendants' motion to dismiss (Dkt. No. 25) be otherwise DENIED, as it relates to plaintiff's Eighth Amendment conditions of confinement claim asserted against defendant Berggern and Galani; and it is further hereby

1

> RECOMMENDED that plaintiff's procedural due process cause of action, arising from the disciplinary hearing conducted by defendant Miller, be DISMISSED, unless within thirty days of the date of an order adopting this recommendation, plaintiff notifies the court and defendants' counsel, in writing, of his abandonment, for all time, of any claim associated with the duration of his confinement arising from the disciplinary proceeding conducted by defendant Miller.[1]

Rep. Rec., pp. 34-35.

Plaintiff filed objections to the Report-Recommendation and Order. Dkt. # 32.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2

---

[1] Magistrate Judge Peebles reached this conclusion when addressing defendants' challenge under *Heck v. Humphrey*, 512 U.S. 477 (1994). In this regard, Judge Peebles correctly noted that

> the Second Circuit has clarified that if, as a prerequisite for maintaining a section 1983 action, a prisoner agrees to abandon any actual or potential challenge aimed at the duration of his incarceration, then success in the section 1983 action will have no affect on the sanctions that relate to the length of time served in prison, and, accordingly, the inmate may proceed with his a due process claim. *Peralta v. Vasquez*, 467 F.3d 98, 105 (2d Cir. 2006), *cert. denied sub nom., Jones v. Peralta*, 551 U.S. 1145 (2007). Under *Peralta*'s limited exception to the rule in [*Edwards v. Balisok*, 520 U.S. 641 (1997)], in order to pursue his section 1983 due process claim in this action, a plaintiff must abandon – not just now, but for all time – any claims he may have with respect to the duration of his confinement that arise out of the proceeding now challenged. *Peralta*, 467 F.3d at 104.

Rep. Rec. pp. 13-14.

2

(S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Plaintiff makes objections to specific portions of Magistrate Judge Peebles' Report-Recommendation and Order, but the objection are wholly conclusory in nature, alleging, essentially, that the magistrate judge wrongly decided certain issues. The Court does not agree. Having considered Plaintiff's objections and having completed a *de novo* review of the issues raised by the objections, the Court accepts and adopts Magistrate Judge Peebles' recommendations for the reasons stated in his thorough report.

## IV. CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Peebles's January 24, 2013 Report-Recommendation and Order in its entirety. Therefore, it is hereby

ORDERED that defendants' motion to dismiss (Dkt. No. 25) is GRANTED in part. Plaintiff's damage claims against all of defendants in their official capacities are dismissed

3

with prejudice. Plaintiff's claims for deliberate medical indifference against defendants Berggern, Galani, and Wright, and all his claims against defendant Waldron, in their individual capacities, are dismissed without prejudice to re-pleading; and it is further

ORDERED that defendants' motion to dismiss (Dkt. No. 25) is DENIED as it relates to plaintiff's Eighth Amendment conditions of confinement claim asserted against defendant Berggern and Galani in their individual capacities; and, it is further

ORDERED that plaintiff's procedural due process cause of action, arising from the disciplinary hearing conducted by defendant Miller, is DISMISSED unless, within thirty (30) days of the date of this Decision and Order, plaintiff notifies the Court and defendants' counsel, in writing, of his abandonment, for all time, of any claim associated with the duration of his confinement arising from the disciplinary proceeding conducted by defendant Miller.

**IT IS SO ORDERED**

**Dated:** March 18, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge